IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MELANIE PRITCHETT,<br><br>Plaintiff,<br><br>v.<br><br>I.G. BURTON & COMPANY, INC.,<br>a Delaware Corporation,<br><br>Defendant. | C.A. No. 14-380-GMS |

**MEMORANDUM**

## I. INTRODUCTION

On March 25, 2014, the plaintiff, Melanie Pritchett ("Pritchett"), filed this lawsuit against her former employer, defendant I.G. Burton & Company, Inc. ("I.G. Burton"). (D.I. 1.) In her complaint, Pritchett alleges a deprivation of her statutory rights under the Family Medical Leave Act of 1993 ("FMLA"). 29 U.S.C. § 2601 *et seq.* (*Id.* at 4–5.) Pritchett also alleges breach of an implied covenant of good faith and fair dealing under Delaware law. (*Id.* at 5–6.) Pritchett seeks reinstatement, damages, and injunctive relief to redress the alleged deprivation of her statutory rights under the FMLA. (*Id.* at 1.) Presently before the court is I.G. Burton's motion to dismiss the complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.I. 4.) For the reasons below, the court will deny the motion.

## II. BACKGROUND

On or about October 25, 2010, Pritchett began working for I.G. Burton as a bookkeeper in the Accounting Department. (D.I. 1 at 2, ¶ 6.) Although the specific date is not alleged, sometime before December 15, 2011, Pritchett was diagnosed with cancer and began undergoing

chemotherapy. (*Id.* at 3, ¶ 13.) On December 15, 2011, Pritchett requested and was granted leave under the FMLA. (*Id.*) By the Court's calculation, Pritchett's twelve weeks of FMLA leave appears to have expired on March 8, 2012.[1] Pritchett notified I.G. Burton that she would return to work on March 26, 2012. (D.I. 1 at 3, ¶ 14.) After Pritchett had not yet returned to work on March 26, 2012—eighteen days past her allotted leave under the FMLA—her employment with I.G. Burton was terminated. (*Id.*, ¶ 16.) Soon thereafter, on April 1, 2012, Pritchett was removed from I.G. Burton's Employer Health Insurance Policy. (*Id.* at 2, ¶ 9.)

Pritchett alleges that preceding her cancer diagnosis, I.G. Burton was renegotiating its health insurance plan, and "was concerned Pritchett's continued cancer treatment would increase their insurance costs." (*Id.* at 4, ¶¶ 27, 29.) Pritchett alleges this was a motivating factor in terminating her contract. (*Id.* ¶ 30.)

## III. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal where the plaintiff "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the court "accept[s] all factual allegations as true, construe[s] the complaint in the light most favorable to the plaintiff, and determine[s] whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). The issue for the court is "not whether the plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). As such, the touchstone of the pleading

---

[1] Per 29 U.S.C. § 2612(a)(1), "an eligible employee shall be entitled to a total of 12 work weeks of leave during any 12-month period . . . ." Neither Pritchett, nor I.G. Burton, discuss March 8, 2012, as the date her FMLA leave expired. Instead, the parties merely note Pritchett's termination occurred after her FMLA leave expired without providing a specific date. (D.I. 4 at 2, ¶ 3; D.I. 5 at 2, ¶ 3.) As explained below, Pritchett relies on the temporal proximity between her termination and the expiration of her FMLA leave to show retaliation. Thus, the court find it important to note that, because Pritchett was granted FMLA leave on December 15, 2011, her allotted twelve weeks expired on March 8, 2012.

2

standard is plausibility. *Bistrian v. Levi*, 696 F.3d 352 365 (3d Cir. 2012). Plaintiffs must provide sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## IV. DISCUSSION

In her complaint against I.G. Burton, Pritchett brings (1) an FMLA retaliation claim, and (2) a claim for breach of the implied covenant of good faith and fair dealing. (D.I. 1 at 4–6.) The court will address each in turn.

### A. <u>Counts I & II: FMLA Retaliation</u>

The FMLA was enacted to "balance the demands of the workplace with the needs of families," and "to entitle employees to take reasonable leave for medical reasons." 29 U.S.C. § 2601(b)(1), (2); 29 C.F.R. § 825.101(b), (c); *see also Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 251 (3d Cir. 2014); *Giddens v. UPS Supply Chain Solutions*, No. CV 11-616 (NLH/JS), 2014 WL 4954597, at *8 (D. Del. Sept. 30, 2014). Under the FMLA, eligible employees are statutorily entitled to "a total of 12 work weeks of leave during any 12-month period [due to] a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). Once the twelve weeks of leave have expired, the employee is entitled to be reinstated to the former position or an alternate one with equivalent pay, benefits and working conditions. § 2614(a)(1). "The FMLA provides relief for interference with these FMLA rights as well as for retaliation for exercising these FMLA rights." *Giddens*, 2014 WL 4954597, at *8.

3

As an initial matter, Pritchett incorrectly styles her complaint as separate claims for "Discrimination" (Count I) and "Retaliation" (Count II). While Pritchett's complaint alleges a deprivation of her statutory rights under subsections (1) and (2) of § 2615(a), her arguments only pertain to subsection (2). (D.I. 1 at 4–5, ¶¶ 31–41; D.I. 5 at 2–5, ¶¶ 2–5.) Each subsection may support a separate type of claim:

> [Under § 2615(a)(1),] [t]he FMLA declares it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided" in the FMLA. Such a claim is typically referred to as an "interference" claim. To assert an interference claim, the employee only needs to show that he was entitled to benefits under the FMLA and that he was denied them. An interference action is not about discrimination, it is only about whether the employer provided the employee with the entitlements guaranteed by the FMLA. [Conversely, under § 2615(a)(2)], the retaliation theory protects employees from suffering discrimination because they have exercised their rights under the FMLA.

*Giddens*, 2014 WL 4954597, at *8 (internal quotation marks and citations omitted); *see also Lehmann v. Aramark Healthcare Support Servs., LLC*, 630 F. Supp. 2d 388, 392 (D. Del. 2009). Although Pritchett invokes deprivation under § 2615(a)(1), (D.I. 5 at 3, ¶ 3), the complaint includes no factual assertions that she was denied the benefit of the twelve weeks of leave provided under the FMLA. Indeed, Pritchett acknowledges that she was afforded her twelve weeks of leave. Pritchett's complaint only includes facts pertaining to I.G. Burton's alleged retaliation under § 2615(a)(2). Thus, the court will address Counts I and II as a single retaliation claim.

If an employee's contract is terminated because she took leave under the FMLA, then she may have an actionable retaliation claim. *See Henson v. U.S. Foodserv., Inc.*, No. 13-4711, 2014 WL 5151947, at *3 (3d Cir. Oct. 15, 2014) ("Federal regulations prohibit an employer from

retaliating against an employee for taking advantage of FMLA leave."). In particular, section 825.220(c) of the FMLA regulations provides:

> An employer is prohibited from discriminating against employees or prospective employees who have used FMLA leave. For example, if an employee on leave without pay would otherwise be entitled to full benefits (other than health benefits), the same benefits would be required to be provided to an employee on unpaid FMLA leave. By the same token, *employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions*; nor can FMLA leave be counted under "no fault" attendance policies.

29 C.F.R. § 825.220(c) (emphasis added).

"Retaliation claims under the FMLA are analyzed under the burden shifting framework of *McDonnell Douglas Corp. v. Green*." *Miller v. Aramark Healthcare Support Serv.*, 555 F. Supp. 2d 463, 470 (D. Del. 2008) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Under *McDonnell*, a three-step analysis is applied. *Id.* First, the plaintiff bears the burden to establish a *prima facie* case of retaliation. Here, the plaintiff must show: (1) she took FMLA leave, (2) she suffered an adverse employment decision, and (3) the adverse decision was causally related to her leave. *Conoshenti v. Pub. Serv. Elec. & Gas Co.*, 364 F.3d 135, 146 (3d Cir. 2004), *modified*, *Erdman v. Nationwide Ins. Co.*, 582 F.3d 500 (3d Cir. 2009); *Miller*, 555 F. Supp. 2d at 470. "Because FMLA retaliation claims require proof of the employer's retaliatory intent, courts have assessed these claims through the lens of employment discrimination law." *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 302 (3d Cir. 2012). Next, "[a]fter establishing a prima facie case, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for its adverse employment action." *Conoshenti*, 364 F.3d at 146. Finally, if the employer provides a legitimate nondiscriminatory reason, the burden then shifts again to the plaintiff to present evidence showing the defendant's proffered reasons were not its

true reasons, but were merely a pretext for its illegal action. *Schlifke v. Trans World Entm't Corp.*, 479 F. Supp. 2d 445, 452 (D. Del. 2007).

I.G. Burton argues Pritchett fails to state a retaliation claim because, as a matter of law, once her allotted twelve weeks of FMLA leave were exhausted, she was no longer protected by the statute. (D.I. 6 at 2, ¶ 2.) In *Lupyan v. Corinthian Colls. Inc.*, 761 F.3d 314, 324-25 (3d Cir. 2014), the Third Circuit specifically rejected this argument when it held that the "nature of retaliation claims distinctly focuses on employer's conduct and motivations for termination" rather than the mere expiration of FMLA protection. Thus, Pritchett's retaliation claim is not precluded as a matter of law even though she did not return to work by March 8, 2012, and in so doing exceeded her twelve-week FMLA leave.

The court will now determine whether Pritchett's complaint has pled enough factual matter that, when taken as true, plausibly states a claim of retaliation under the FMLA. The parties do not dispute Pritchett has adequately alleged that she took FMLA leave and suffered an adverse employment decision. Therefore, the central question is whether Pritchett's complaint contains enough factual matter to plausibly show her termination on March 26, 2012, was causally related to her FMLA leave. Here, Pritchett asserts that a plausible inference of causation has been alleged because "[t]he adverse employment decision . . . occurred immediately after her FMLA leave and prior to her return to work." (D.I. 1 at 5, ¶ 39.)

When a plaintiff alleges that the temporal proximity between her statutorily protected employment activity and termination establish a causal link, she generally must show: (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link. *Budhun*, 765 F.3d at 258 (citing *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d

Cir. 2007)); *Yovtcheva v. City of Phila. Water Dep't*, 518 F. App'x 116, 123 (3d Cir. 2013) (citing *Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751, 760 (3d Cir. 2004); *Shellenberger v. Summit Bancorp, Inc.*, 318 F.3d 183, 189 n. 9 (3d Cir. 2003)). The court finds that Pritchett's factual averments give rise to a plausible inference of retaliation. Having begun her FMLA leave on December 15, 2011, Pritchett was required to return to work on March 8, 2012. Her termination eighteen days later gives rise to a plausible inference of retaliation. Moreover, Pritchett's allegation that I.G. Burton's renegotiation of its employee health insurance policies was a motivating factor in her termination, further supports an inference of retaliatory intent. As such, I.G. Burton's motion to dismiss Pritchett's retaliation claim is denied.

## B. Count III: Breach of Implied Covenant of Good Faith and Fair Dealing

Count III of Pritchett's complaint alleges breach of an implied covenant of good faith and fair dealing between the parties. (D.I. 1 at 5, ¶¶ 42–46.) Under Delaware common law, an employee is considered "at-will" and may be dismissed from employment without cause and regardless of motive. *Collier v. Target Stores Corp.*, No. 03-1144-SLR, 2005 WL 850855, at *9 (D. Del. Apr. 13, 2005) (citing *Merrill v. Crothall-Am., Inc.*, 606 A.2d 96 (Del. Super. 1992)). "Delaware imposes a 'heavy presumption that a contract for employment, unless otherwise expressly stated, is at-will in nature, with duration indefinite.'" *Owens v. Connections Cmty. Support Programs, Inc.*, 840 F. Supp. 2d 791, 797 (D. Del. 2012) (quoting *E.I. DuPont de Nemours & Co. v. Pressman*, 679 A.2d 436, 440 (Del. 1996)). Delaware law does, however, recognize a limited implied covenant of good faith and fair dealing exception to protect employees from wrongful termination. *Id.*; *Collier*, 2005 WL 850855, at *9.

> The Delaware Supreme Court has four situations where an employee could bring a claim based on the implied covenant of good faith and fair dealing: (1) where the termination violated public policy; (2) where the employer misrepresented an important

7

> fact and the employee relied thereon either to accept a new position or to remain in her present one; (3) where the employer used its superior bargaining power to deprive an employee of clearly identifiable compensation related to the employee's past services; and (4) where the employer falsified or manipulated employment records to create fictitious grounds for termination.

*Owens*, 840 F. Supp. 2d at 798. An employee's firing in retaliation for taking FMLA leave, has been held to violate public policy. *Farrell v. Astrazeneca Pharm. LP*, No. 04-285-KAJ, 2005 WL 2122678, at *5 (D. Del. Sept. 2, 2005) ("[Plaintiff's] argument that her firing violated public policy only stands if she was, in fact, terminated as a result of her FMLA leave.")

Pritchett is presumed—under Delaware law—to have been an at-will employee for I.G. Burton. This employment designation allowed I.G. Burton to terminate Pritchett's employment without cause. Nonetheless, Pritchett is still able to bring a claim based on an implied covenant of good faith and fair dealing, so long as, one of the four situation articulated by the Delaware Supreme Court is met. *See Owens*, 840 F. Supp. 2d at 798. Here, because the court finds Pritchett's complaint alleges sufficient facts, given the plausibility of her claim for retaliation, the court is persuaded by the reasoning in *Farrell* that it would be premature to dismiss Pritchett's claim for breach of an implied covenant of good faith and fair dealing. *Farrell*, 2005 WL 2122678, at *8. As such, I.G. Burton's motion to dismiss Count III is denied.

## V. CONCLUSION

For the foregoing reasons, the court will deny I.G. Burton's motion to dismiss for failure to state a claim. (D.I. 4.)

Dated: January 29, 2015

_____
UNITED STATES DISTRICT COURT